**RECORD NO. 11-4517**

In The

# United States Court Of Appeals

For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**LUIS MIGUEL REYES TORRES,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

———————

**BRIEF OF APPELLANT**

———————

**Bart Garry**
**LAW OFFICE OF BART GARRY**
**911 N. Charles St., 3rd Flr.**
**Baltimore, MD 21201**
**(410) 522-7766**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# **TABLE OF CONTENTS**

Page:

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      I.     Whether the District Court's sentencing exceeded the maximumsentencing guidelines? . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      II.    Whether trial counsel was ineffective? . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Discussion of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        I.     THE DISTRICT COURT SENTENCING EXCEEDED THE MAXIMUM SENTENCING GUIDELINES . . . . . . . . . 7

        II.    TRIAL COUNSEL WAS INEFFECTIVE . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

WAIVER OF ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

Anders v. California,
    386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

**Statutes:**

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 U.S.C § 841(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 U.S.C § 841(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Sentencing Guideline:**

U.S.S.G. §  2D1.1(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **STATEMENT OF SUBJECT MATTER**
## **AND APPELLATE JURISDICTION**

This is an appeal from final judgment in a criminal case, entered against Appellant on April 29, 2011, in the United States District Court for the District of Maryland, Northern Division. Jurisdiction in the District Court was based upon 18 U.S.C. § 3231, as this matter was a prosecution of Appellant by the United States for violations of the United States Code.

By Notice of Appeal filed May 5, 2011, Appellant requested the United States Court of Appeals for the Fourth Circuit to review the final decision of the District Court as to his convictions and sentencing, pursuant to the jurisdiction conferred on this Court by 28 U.S.C. § 1291.

## STATEMENT OF
## THE ISSUES PRESENTED FOR REVIEW

I.     Whether the District Court's sentencing exceeded the maximum sentencing guidelines?

II.    Whether trial counsel was ineffective?

## **STATEMENT OF THE CASE**

Appellant and Co-Defendants Hartley and Baker were charged in August 2010, in the District of Maryland. It was a four count indictment with two of the counts applying to Appellant, relating to the distribution of morphine and methadone leading to death in February 2008. The two counts against Appellant included Conspiracy to Distribute Morphine and Methadone which resulted in death, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846; and Distribution of Morphine and Methadone which resulted in death in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.

A guilty plea was entered on December 17, 2010

Sentencing waS held on April 29, 2011.

The instant appeal was noted on May 5, 2011.

## STATEMENT OF FACTS

In 2008 Appellant had been working in a Nursing Home in Hagerstown, Maryland. One of his responsibilities was to destroy any remaining drugs when a patient had been discharged or died. Instead he transferred these drugs, including 40 milligrams of methadone and 20 milliliters of morphine, to his girlfriend and co-defendant April Baker, who then sold them to another co-defendant Ryan Andrew Hartley. Hartley then sold them to a Brandon Sgaggero who then died of an overdose of morphone and methadone.

Because the drugs led to the death of Sgaggero, Appellant faced a mandatory 20 year sentence if convicted. On December 17, 2010, Appellant and his attorney at the time signed a Plea Agreement admitting that he was guilty of the charges against him. In the Plea Agreement, the parties agreed that under the sentencing guidelines, Appellant was a level 38, but that the US Attorney would not oppose a three level reduction in the number because of Appellant's "prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct" and "timely notification of his intent to plead guilty." The Plea Agreement also waived any right to appeal the conviction or to appeal the sentence imposed, except if it exceeded the longest term of imprisonment under the advisory guidelines.

A sentencing hearing was held on April 29, 2011. At the hearing, the US Attorney requested a sentence range between 135 months and 168 months, with a specific request for 135 months, while the Appellant's trial counsel requested a

4

sentence range between 108 months and 135 months, with a specific request for 108 months. The court ordered a sentence of 115 months.

The instant appeal was noted by counsel on May 5, 2011.

## **SUMMARY OF THE ARGUMENT**

Counsel reasonably believes that, based upon the record in the district court, that there are no viable grounds for this appeal. Appellant plead guilty pursuant to a Plea Agreement, the Plea Agreement limited the right to appeal or to challenge the length of the sentence, and the sentence was well within the sentencing guidelines, and was within the range of sentence requested by Defendant's own counsel, and below the level requested by the US Attorney. The Defense counsel competently represented Defendant and even convinced the judge to lower the sentence from the range requested by the US attorney. There does not appear to be any basis that Defendant could have won the case at trial and a Plea Agreement appears proper.

**I.    Whether the District Court's sentencing exceeded the maximumsentencing guidelines?**

Based upon the record presented in the case, the sentence imposed by the court was substantially below the maximum available had Defendant gone to trial, and therefore is not a legitimate basis for appeal.

**II.    Whether trial counsel was ineffective?**

Based upon the record presented in the case, Defendant's counsel was competent and effective, and therefore his ineffectiveness is not a legitimate basis for appeal.

# ARGUMENT

## Standard of Review

Upon a filing of a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), the Court of Appeals conducts a full examination of the record to determine independently whether the appeal is wholly frivolous. The Court may dismiss the appeal insofar as federal requirements are concerned.

## Discussion of the Issues

### I. THE DISTRICT COURT SENTENCING EXCEEDED THE MAXIMUM SENTENCING GUIDELINES

The Plea Agreement signed by Appellant and the US Attorney contained an exception to its limitation of appeal. Specifically the Plea Agreement stated that "The Defendant reserves that right to appeal any term of imprisonment to the extent it exceeds the longest term of imprisonment within the advisory guidelines range applicable to the defendant."

In the present case, the Plea Agreement stated that the parties agreed that the Plaintiff's Base Level Offense was a 38. The parties were correct in their analysis. For Federal Guidelines Section 2D1.1(a)(2) states that the base level offense will be "38, if the defendant is convicted under 21 U.S.C § 841(b)(1)(A), (b)(1)(B) or (b)(1)(C)...and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." With an offense level of 38 the Federal Sentencing Guidelines call for a range from 235 to 293 months.

In the present case, the US Attorney asked for a range of 135 months to 168 months with a specific request for 135 months, and the Defense Attorney asked for

7

a range of 108 months to 135 months with a specific request for 108 months. The Court ultimately ordered a sentence of 115 months. This falls well below the 293 months that could have been given had defendant been convicted at trial. Therefore the sentence was not even close to the maximum and is not a legitimate basis for an appeal.

## II.    TRIAL COUNSEL WAS INEFFECTIVE

Trial counsel was a respected member of the bar of the district court. The evidence presented by the state included admissions by both Defendant, his girlfriend Baker and the co-Defendant Hartley. The other two co-defendants agreed to Plea Agreements and likely would have testified against Defendant, separate from his previous admissions of guilt. The minimum sentence upon conviction at trial was approximately 20 years, so Defendant's trial counsel advised the only reasonable action which was to plead guilty and seek a favorable plea agreement. There was no other reasonable option.

At the Plea Agreement Hearing, Defendant's counsel argued that the range of sentencing should be from 108 months to 135 months, while the US Attorney argued that it should be from 135 months to 168 months. The Defense counsel was successful and the court ordered a sentence of 115 months, close to the lowest requested by defendant's counsel within the sentencing guidelines.

8

Therefore there can be no reasonable argument that trial counsel was ineffective.

## **CONCLUSION**

Pursuant to the requirements of Anders v. California, 386 U.S. 738 (1967), counsel for Appellant hereby certifies that he has expended substantial time in the review of the facts and legal issues in this matter, the review of the entire file in the district court, and has considered several means by which to proceed with those issues Appellant believes should be set forth in this appeal.

It is the considered opinion of appellate counsel that there are no legal issues that were raised before the district court which were not either waived, abandoned or withdrawn by Appellant, or which were disposed of properly by the district court. Accordingly, appellate counsel believes that there are no legitimate grounds for a direct appeal on the record of this matter to the Court of Appeals. The record in this matter regarding these issues nonetheless is submitted for independent review by this Court, in the event error exists which has been overlooked by appellate counsel.

## **WAIVER OF ORAL ARGUMENT**

The issues in this appeal have been completely researched and briefed by appellate counsel. Appellate counsel therefore believes that the Court is in a position to rule on this matter without the benefit of additional argument by counsel for the parties.

Nevertheless, should the Court feel otherwise, counsel hereby advises the Court that he is ready to appear for oral argument upon request, and to respond therein to any question the Court may have upon its full review of the briefs and record in this matter.

                                            Respectfully submitted,

                                            /s/  Bart Garry
                                            Bart Garry, Esq.
                                            Law Office of Bart Garry
                                            911 N. Charles St., 3rd Flr.
                                            Baltimore, MD 21201
                                            Tel.  (410) 522-7766
                                            Fax: (410) 522-1021
                                            Email: bg@bgarrylaw.com
                                            (410) 522-7766
                                            Attorney For Appellant

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,474</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using <u>14 Point Times New Roman</u> in <u>WordPerfect 12</u>.


                                                          /s/  Bart Garry  
                                                          Counsel for Appellant  
                                                      Dated:  September 21, 2011

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on September 21, 2011, I electronically filed the foregoing brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

   Joshua L. Kaul
   OFFICE OF THE U.S. ATTORNEY
   36 South Charles Street
   Fourth Floor
  Baltimore, MD 21201

   *Counsel for Appellee*

I further certify that I sent one copy of the Brief via U.S. First Class Mail addressed as follows:

   Luis Miguel Reyes Torres
   Reg. # 523-63037
   Petersburg Low FCI
   Federal Correctional Institution
   P.O. Box 1000
   Petersburg, VA 23804

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                          /s/  Carly A. Ramey
                                          Carly A. Ramey
                                          Gibson Moore Appellate Services, LLC
                                          421 East Franklin Street, Suite 230
                                          Richmond, VA  23219